IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**BRYAN JAMES STEINMETZ,**

    Plaintiff,

v.                                                                                   No. 12cv147 MCA/LFG

**JOHN J. ROMERO, individually and in his
official capacity as Second Judicial District
Children's Court Judge;
STATE OF NEW MEXICO CHILDREN, YOUTH,
AND FAMILIES DEPARTMENT;
TED A. MARTINEZ, individually and in his
official capacity NM CYFD Children's Court attorney;
WILLIAM C. HERRING, individually and in his
official capacity as Guardian ad Litem;
NEW MEXICO CHILD ABUSE & NEGLECT
CITIZEN REVIEW BOARD;
CORRINE CARMONY, individually and in her
official capacity as CA&NCRB member;
MITCH YOAKUM, individually and in his
official capacity as CA&NCRB member;
MARY ANN COPAS, individually and her
official capacities as NM CA&NCRB Statewide
Advisory Committee Executive Board Member and
New Mexico Friends of Foster Children, Chair;
DEBBIE SANT,  individually and her
official capacities as NM CA&NCRB Citizen Review
Board Staff, New Mexico Area Regional Specialist,
and CRB Board Member;
SHARON BERNSTEIN,  individually and in her
official capacity as NM CYFD Social Worker;
LEANNA MONTANO, individually and in her
official capacity as NM CYFD Permanency Planning Worker;
ELIZABETH ATENCIO,  individually and in her
official capacity as Victim Advocate; and
SUSAN CAROL STEINMETZ, individually,**

    Defendants.

**MEMORANDUM OPINION AND ORDER
AND ORDER TO SHOW CAUSE**

**THIS MATTER** comes before the Court on pro se Plaintiff Bryan James Steinmetz's *Application to Proceed in District Court without Prepaying Fees or Costs* (hereinafter called "motion to proceed IFP"), filed February 16, 2012 (Doc. 2), and on the Court's concomitant obligation "to review the affidavit and screen [his] case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). Screening the case under § 1915(e) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." § 1915(e). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312. The Court must "dismiss the case" if it determines that any of the conditions in § 1915(e)(2)(B) exist. *See* § 1915(e)(2); *Trujillo v. Williams*, 465 F.3d 1210, 1217 n.5 (10th Cir. 2006) (noting that dismissals under § 1915(e)(2)(A) & (B) are mandatory).

**I.     The Complaint must be dismissed.**

This is the third time that Mr. Steinmetz, proceeding IFP and pro se, has sought the intervention of this Court into the child custody and abuse/neglect proceedings that are pending in the Second Judicial District of New Mexico. In 2008, he brought a complaint for Emergency Injunction, Emergency Preliminary Injunction and Emergency Temporary Restraining Order against his former wife, the Second Judicial District Court, a presiding state-court judge and hearing officer, a state Domestic Violence Commissioner, and others, which the Court dismissed on August 27,

2008.  *See Steinmetz v. Steinmetz*, No. 08cv0629 JB/WDS, Doc. 33 (D.N.M. Aug. 27, 2008).  The Court held that

> Mr. Steinmetz has not made the heavy showing required to secure a preliminary injunction, (ii) the Court must abstain from interfering with on-going statecourt judicial proceedings that involve important state interests and provide a forum in which Mr. Steinmetz may raise his constitutional claims, (iii) the Anti-Injunction Act also prohibits the Court from providing the majority of the relief Mr. Steinmetz requests; and (iv) the Court cannot issue procedural mandates to state-court officials . . . .

*Id.* at 2.  In June 2011, Mr. Steinmetz improperly attempted to remove to this Court a petition against him alleging abuse and neglect of his children that had been filed in state court in May 2011 by the New Mexico Children, Youth, and Families Department.  *See Children, Youth, and Families Department, State of New Mexico, Ex Rel., In the Matter of S.S. and S.S., Children, and concerning Bryan J. Steinmetz and Susan Steinmetz, Respondents*, No. 11cv666 MCA/KBM, Doc. 4 (D.N.M. Aug. 17, 2011).  The Court again reminded Mr. Steinmetz that "federal courts do not have jurisdiction over child-custody matters, even when he claims that his constitutional rights are being violated," and that "the New Mexico state-court proceedings offer Mr. Steinmetz an adequate opportunity to litigate any federal constitutional issues that may arise." *Id.* at 2, 3 (internal quotation marks omitted).

In his newest Complaint, Mr. Steinmetz again seeks an "emergency injunction, emergency restraining order, [and] emergency temporary restraining order," and alleges violation of his constitutional rights under 42 U.S.C. § 1983.  Doc. 1 at 1.  His allegations are, once again, related to the abuse and neglect proceedings filed against him and his ex-wife in May 2011, and to a subsequent Citizen Review Board meeting held in January 2012.  *See id.* at 2-7, ¶¶ 1-20.  Mr. Steinmetz contends that he has been denied due process because (i) he did not receive notice of some

3

of the documents filed in the state-court proceedings, *see id.* at 2-3, ¶¶ 1, 3, 4; (ii) he received no or untimely notice of hearings, *see id.* at 3, ¶¶ 2, 4; (iii) Judge Romero, who is presiding over the proceedings, refused to accept or consider some of the documents he filed, appointed an attorney who did not show up until after a hearing, required the attorney to assist Mr. Steinmetz in an advisory status at another hearing, refused to allow Mr. Steinmetz to file additional documents, *see id.* at 3-5, ¶¶ 5-8, and denied his motions, *see id.* at 6, ¶ 16; and (iv) CYFD filed notice on August 9, 2011 of a February 29, 2012 date for a pre-permanency conference before this Court filed its August 17, 2011 Order holding that it had no subject-matter jurisdiction over the proceedings that Mr. Steinmetz had attempted to remove[1], failed to give him a copy of its witness list, and called a witness who was not on the list at an October 11, 2011 hearing, *see id.* at 5, ¶¶ 10-12. He alleges that Defendant Ted Martinez told him that Mr. Martinez took the testimony of the witness who was not on the list so that "we could say we held the Adjudication Hearing prior to the 60-day limit and then postpone it indefinitely." *Id.* at 6, ¶ 13. He states that he received notice of a Citizens Review Board meeting held January 20, 2012, but that he was "denied direct participation in [or access to] the meeting," although his written comments were "marked as received," by the Board. *Id.* at 6-7, ¶¶ 19-20. Mr. Steinmetz contends that he has "no form of relief left to him in the State Judicial system" and continues to suffer undescribed "irreparable harm." *Id.* at 7, ¶ 21.

As relief, Mr. Steinmetz requests that the Court prohibit the Defendants "from holding any further hearings and prohibit them from further violating Mr. Steinmetz's Constitutional Rights until

---

[1] The Court notes that, because it did not have subject-matter jurisdiction over the state proceedings, Mr. Steinmetz's attempt at removal was void and the state court never actually lost jurisdiction over the proceedings.

his 42 U.S.C. § 1983 Complaint for violation of Constitutional Rights is heard and fully disposed of." *Id*. at 7-8.

As in his 2008 filings, the Court does not have subject-matter jurisdiction over Mr. Steinmetz's requests for injunctive relief. As previously explained to him, under 28 U.S.C. § 2283, federal courts "may not grant injunctions to stay proceedings in a State Court except as is expressly authorized" by the statute. As before, the Court does not see an exception to that statute in this case.

And as noted previously, the mandatory-abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), requires dismissal of this case.

> Under *Younger* and its progeny, a federal court must abstain from exercising jurisdiction when (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state polices.

*See Brown ex rel. Brown v. Day*, 555 F.3d 882, 887 (10th Cir. 2009). In addition, the state-court or state-administrative proceedings must be coercive, rather than remedial. *See id.* at 889. Here, the on-going abuse/neglect/custody proceedings were initiated by the state, making Mr. Steinmetz's "participation mandatory (a coercive proceeding)." *Id.* And Mr. Steinmetz complains that "the state proceeding is unlawful (coercive)" because it violates due process. *See id.* Contrary to his assertion that he does not have any form of relief left to him in the state courts, this Court has twice reminded Mr. Steinmetz that his due-process concerns may be taken up on appeal in the state courts when the case has finally concluded. And as repeatedly explained to Mr. Steinmetz, "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States,"*Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12 (2004)

(internal quotation marks omitted), thus the state-court proceedings involve important state interests that should be adjudicated by the state courts.

Finally, Mr. Steinmetz fails to allege facts to state a cognizable claim under § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Judge Romero has absolute judicial immunity from suit under § 1983 because all of his allegedly erroneous actions were judicial in nature, and no facts give rise to the limited exception permitting suit against him for declaratory relief. *See* 42 U.S.C. § 1983 ("in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable"); *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994) ("[A] state judge is absolutely immune from § 1983 liability except when the judge acts in the clear absence of all jurisdiction.") (quotation marks omitted); *Lawrence v. Kuenhold*, No. 06-1397, 271 Fed. App'x 763, 766 n.6, 2008 WL 822458, *3 n.6 (10th Cir. Mar 27, 2008) ("[T]he doctrine of judicial immunity now extends to suits against judges where a plaintiff seeks not only monetary relief, but injunctive relief as well.").

"The bar of the Eleventh Amendment to suit in federal courts extends to States and state officials in appropriate circumstances," as well as to state agencies that are "arms of the state." *Mt. Healthy City School Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (applying Eleventh-Amendment immunity in § 1983 actions and holding that states or their agencies are not "persons" under § 1983). Thus, actions against New Mexico's CYFD and its Child Abuse & Neglect Citizen Review Board are barred by the Eleventh

6

Amendment. *See Roman-Nose v. N.M. Dep't of Human Servs.*, 967 F.2d 435, 438 (10th Cir. 1992). "§ 1983 creates no remedy against a State" or its agencies. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997).

Complaints brought under § 1983 must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery . . . ." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (internal quotation marks omitted). Steinmetz's Complaint is devoid of any allegations regarding most of the individually-named defendants except for Judge Romero. The single sentence regarding Defendant Martinez fails to allege facts demonstrating a constitutional violation. Mr. Steinmetz has wholly failed to allege any facts to show that any of the other individually-named Defendants violated any of his constitutional rights. He has, therefore, failed to state a cognizable claim under § 1983.

Because his Complaint frivolously seeks injunctive relief, and fails to state a claim on which relief may be granted, permission to proceed IFP must be denied and the case must be dismissed under § 1915(e).

## II.     Steinmetz shall show cause why filing restrictions should not be imposed.

"The right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *In re Winslow*, 17 F.3d 314, 318 (10th Cir. 1994) (internal quotation marks and brackets omitted). "The goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous claims." *Id.* (internal quotation marks omitted). "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the

appropriate circumstances." *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989). Thus, the Court may impose restrictions on a party's ability to file claims where it gives that party notice and an opportunity to respond, and provides clear guidance about what a plaintiff must do to obtain permission to file an action. *See id.* at 353-54. When a party has engaged in an abusive pattern of litigation, it is appropriate for the court to enjoin that litigant from filing any claims without first seeking prior leave of the court. *See In re Winslow*, 17 F.3d at 316; *Werner v. Utah*, 32 F.3d 1446, 1448 (10th Cir. 1994).

Steinmetz has twice disregarded the Court's careful instructions informing him that it cannot grant relief from, or interfere in, state-court custody or abuse/neglect proceedings. It seems clear that he continues to name his ex-wife as a Defendant solely to harass her. The burden Steinmetz has placed on this Court because of his three frivolous filings is heavy. Steinmetz shall show cause in writing, within 14 days of the filing of this Order, why he should not be sanctioned by the imposition of filing restrictions to stop his abusive behavior.

**IT IS ORDERED** that Steinmetz's motion to proceed IFP [Doc. 2] is DENIED and that his case is DISMISSED without prejudice under § 1915(e)(2)(B)(ii).

**IT IS FURTHER ORDERED** that Steinmetz shall show cause in writing, within 14 days of the filing of this Order, why filing restrictions should not be imposed against him. If Steinmetz fails to timely respond, the Court will issue filing restrictions without further notice.

**SO ORDERED** this 29th day of February, 2012, in Albuquerque, New Mexico.

                                      **M. CHRISTINA ARMIJO**
                                      United States District Judge